■ In the Matter of the Estate of Georges Kleefeld, Deceased. Denise Stork, Respondent; Marilyn Poole, Appellant. — Decree, Surrogate's Court, New York County (Lambert, J.), entered August 4, 1982, which awarded letters of administration to petitioner-respondent Denise Stork and dismissed the appellant's cross petition for such letters, affirmed, without costs. As respondent properly conceded, the Surrogate erred in a passing comment in her opinion to the effect that each of three nieces of the intestate decedent surviving at the time of the decedent's death would have been entitled to equal one-third shares. Two of the nieces were children of one of the decedent's predeceased brothers, and the third was a child of the other predeceased brother. Accordingly, the latter would have been entitled to one half of the estate, the largest single portion. (See EPTL 4-1.1, subd [a], par [7].) Apart from this comment, which was not central to the result, we agree with the Surrogate's conclusion for the reasons set forth in her careful and comprehensive opinion. Specifically we agree that appellant was not a distributee of the decedent's estate under SCPA 1001 (subd 1, par [f]). Although the Surrogate indisputably had the discretionary power under SCPA 1001 (subd 4, par [a]) to grant letters of administration to the appellant in her capacity as executrix of the estate of her mother, who had died following the death of the decedent, and who would herself have had a prior right to letters of administration, the totality of factors set forth in the Surrogate's opinion supports the determination not to exercise that discretion in favor of the appellant. Concur — Sandler, J. P., Carro, Asch, Milonas and Kassal, JJ.